MEMORANDUM ***
Saskia V.W. Hilton, M.D. appeals the district court’s grant of summary judgment to Children’s Hospital San Diego, San Diego Diagnostic Radiology Medical Group, and the individually named defendants (collectively, the “defendants”) on her claims that the defendants violated Sections 1 and 2 of the Sherman AntiTrust Act and the California Cartwright Act. We affirm.[1]
We review the district court’s grant of summary judgment de novo, evaluating the evidence in the light most favorable to the nonmoving party. See Austin v. McNamara, 979 F.2d 728, 733 (9th Cir.1992). Summary judgment is proper “if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). “[A] party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record,] which it believes demonstrate the absence *609 of a genuine issue of material fact.” Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Antitrust injury is a necessary element of Hilton’s Sherman Anti-Trust Act claims.[2] Rebel Oil Co. v. Atlantic Richfield Co., 51 F.3d 1421, 1433 (9th Cir.1995). A key component of antitrust injury focuses on whether Hilton has produced evidence that the defendants’ acts either (1) raised the price of services above competitive levels in the relevant market — here, for the purposes of summary judgment, advanced pediatric radiology services at Children’s Hospital San Diego; or (2) or diminished the quality of those services. See Pool Water Prods. v. Olin Corp., 258 F.3d 1024, 1034 (9th Cir.2001) (“[T]he antitrust laws are only concerned with acts that harm ‘allocative efficiency and raise[ ] the price of goods above their competitive level or diminish[ ] their quality.’ ” (quoting Rebel Oil Co., 51 F.3d at 1433)); see also Tunis Bros., Co. v. Ford Motor Co., 952 F.2d 715, 728 (3d Cir.1992); Nelson v. Monroe Reg’l Med. Ctr., 925 F.2d 1555, 1564 (7th Cir.1991).
The defendants met their initial burden of raising lack of antitrust injury as a basis for granting summary judgment in their favor. As a result, the burden shifted to Hilton to designate “specific facts showing that there is a genuine issue for trial.” Celotex Corp., 477 U.S. at 324, 106 S.Ct. 2548; see also Fed.R.Civ.P. 56(e)(2). In response, Hilton points to no evidence in the record suggesting that the defendants’ alleged wrongful acts impacted the price of pediatric radiological services in the relevant market. Similarly, Hilton has not shown a genuine issue of material fact as to whether the quality of pediatric radiological care in the relevant market was diminished as a result of the defendants’ alleged wrongful conduct. Any loss of Hilton’s services is insufficient by itself to raise a genuine issue of material fact regarding a decline in marketwide quality. Hilton’s “refusal to deal” claim is equally unsupported by evidence showing antitrust injury.
Finally, Hilton assumed that her claims would survive summary judgment if she could produce evidence falling within certain categories suggested by the district court, some of which overlap with the discussion above. Even assuming that these categories set the bar for summary judgment, Hilton has not produced evidence that would create a genuine issue of material fact on the question of antitrust injury.
Accordingly, the district court’s grant of summary judgment to the defendants is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties are familiar with the facts of this case, so we recount them here only as necessary.

. The California Cartwright Act mirrors the requirements of federal law and requires antitrust injury to sustain a claim. See Pool Water Prods. v. Olin Corp., 258 F.3d 1024, 1034 n. 6 (9th Cir.2001); McGlinchy v. Shell Chem. Co., 845 F.2d 802, 811 n. 4 (9th Cir.1988).